at 285 (quoting <u>McKoy v. North Carolina</u>, 494 U.S. 433, 441 (1990)).  Second, the

threshold focus on how "terrible" the case is itself unconstitutionally distorted the

jury's consideration of mitigating evidence, in violation of the Eighth Amendment,

by granting primacy to the role of fear and emotion in the decision making process,

<u>see</u> WEBSTER'S NEW COLLEGIATE DICTIONARY, *Terrible*, at 1204 ("1 a : exciting

extreme alarm or intense fear : TERRIFYING"; "*syn* see FEARFUL"), at the expense of

the constitutionally required "reasoned moral response" to the defendant.  <u>Penry II</u>,

532 U.S. at 788 (quoting <u>Penry I</u>, 492 U.S. at 319).

420.  The court's instruction injected passion, prejudice, and arbitrary

considerations into the jury's deliberations that inflated its consideration of

aggravating evidence while impairing its ability to find and give effect to mitigating

circumstances.  The explicit focus on how "terrible" the murder is blatantly distorts

the consideration of mitigating evidence by granting primacy to the role of fear and

emotion in the decision making process, at the expense of the "reasoned moral

response" to the defendant required by the constitution.[94]  The instruction violated the

Eighth Amendment, and Petitioner's death sentence must be reversed.

---

[94] In its closing instructions, the court also improperly implied to that the jury
should find the aggravating circumstances that were presented: ". . . I think it's been
*crystal clear* to you that what the aggravating circumstances are as alleged and as are
on your verdict slip."  NT VIII at 37.  <u>See also</u> Claim ___ for a more detailed
discussion of the court's improper instructions as to the aggravating factors.

421.   Counsel's failure to properly raise and litigate this claim at in post-trial proceedings and on direct appeal constitutes prejudicially deficient performance in violation of the Sixth, Eighth, and Fourteenth Amendments.  Relief is required.

**CLAIM XIII.**      **PETITIONER IS ENTITLED TO RELIEF FROM HIS DEATH SENTENCE BECAUSE THE JURY IMPROPERLY APPLIED THE (D)(7) AGGRAVATING CIRCUMSTANCE AFTER RECEIVING DEFECTIVE INSTRUCTIONS FROM THE COURT, IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.**

422.   The matters set forth in all other sections of this *Petition* are repeated and realleged as if set forth entirely herein.

423.   The Commonwealth sought death for the killings of Anthony Burton and Thomas Easter at Pat and Todd's Bar in part on the basis of the aggravating circumstance that "In the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense."  42 Pa. C.S. § 9711(d)(7).  The verdict slips for both Burton and Easter indicate that the jury found, as an aggravating circumstance, that Petitioner "knowingly created a grave risk of death to another person in addition to the victim of the offense."  In addition to shooting Burton and Easter, Petitioner had been convicted of attempted murder for shooting Alister "Capone" Campbell inside Pat and Todd's Bar, based upon the Commonwealth's argument that Petitioner also had intended to kill Campbell.

424.   Neither verdict slip indicates who "in addition to the victim" was knowingly put at grave risk during the offense, or even which offense purportedly put another person at risk. Although the verdict slip did not contain this information, the trial court did not poll the jury on this issue, nor did counsel request that the court inquire as to what facts the jury considered as a basis for finding this aggravator.

425.   Further, the court's instructions never described the elements of the grave risk aggravator; never informed the jury what constituted a "grave risk;" never told the jury who could be considered "another person in addition to the victim;" nor told the jury that the risk had to be knowingly created as a specific part of the act in which the first-degree murder decedents were killed.

426.   As set forth more fully below, the court's instructions and the jury's application of the grave risk aggravating circumstance was improper and violated the Sixth, Eighth, and Fourteenth Amendments on a number of different theories. Trial counsel was ineffective in failing to object to the deficient instruction and appellate counsel was ineffective in failing to present this issue on appeal.

A.      **The Court's Improper Instruction on the "Grave Risk" Aggravator.**

427.   With respect to this aggravating circumstance, the trial court instructed in its entirety that (d)(7) was proven if: "the Defendant, in the commission of this offense knowingly created a grave risk of death to another person in addition to the

victim of the offense." See NT Vol. VIII at 26. This instruction did not attempt to delineate the elements of this aggravating circumstance and supplied no explanation or narrowing construction of the aggravator as a whole or of its constituent elements. As a result, the aggravating circumstance, as applied in this case, was unconstitutionally vague and overbroad and impermissibly diminished the Commonwealth burden of proving every element of the aggravating circumstance beyond a reasonable doubt.

428. Since Furman v. Georgia, 408 U.S. 238 (1972), the United States Supreme Court has "insisted that the channeling and limiting of the sentencer's discretion in imposing the death penalty is a fundamental constitutional requirement for sufficiently minimizing the risk of wholly arbitrary and capricious action." Maynard v. Cartwright, 486 U.S. 356, 362 (1988) (citing Gregg v. Georgia, 428 U.S. 153 (1976); Spaziano v. Florida, 468 U.S. 447 (1984); Lowenfield v. Phelps, 484 U.S. 231 (1988)). Under Pennsylvania's capital sentencing scheme, this "channeling and limiting" function is performed by statutorily enumerated aggravating circumstances, which provide the sole statutorily authorized reasons for death. Accordingly, a Pennsylvania aggravating circumstance is unconstitutionally vague under the Eighth Amendment when "the challenged provision fails adequately to inform juries what they must find to impose the death penalty and as a result leaves

them and appellate courts with the kind of open-ended discretion which was held invalid in <u>Furman</u>." <u>Maynard</u>, 486 U.S. at 361-62.

429.   The "grave risk" aggravating circumstance is precisely the type of aggravator that requires instructional narrowing to preserve its constitutionality as applied. In <u>Gregg v. Georgia</u>, 428 U.S. 153, 202 (1976), the United States Supreme Court recognized that Georgia's similar aggravating circumstance – which speaks of knowingly creating a "great risk of death to more than one person" – is "<u>susceptible of an overly broad interpretation</u>."   Given this susceptibility to vagueness and overbreadth, the United States Supreme Court approved Georgia's use of this aggravating circumstance only because the Georgia Supreme Court had consistently construed the aggravating circumstance in a very narrow fashion.  That is:

> The only case in which [Georgia] upheld a conviction in reliance on this aggravating circumstance involved a man who stood up in a church and fired a gun indiscriminately into the audience.

<u>Gregg</u>, 428 U.S. at 202-03.

430.   Similarly, the Pennsylvania Supreme Court has recognized that the (d)(7) aggravating circumstance <u>should</u> be subjected to a narrowing construction if it is to constitutionally "channel the discretion of the jury and prevent arbitrary or capricious imposition of the death penalty." <u>Commonwealth v. Billa</u>, 521 Pa. 168, 555 A.2d 835, 845 (1989) ((d)(7) jury instructions should define "grave risk of death").

However, unlike the Georgia Supreme Court, the Pennsylvania Supreme Court has not subjected the (d)(7) aggravating circumstance to a consistent narrowing construction. Moreover, in this case the (d)(7) aggravating circumstance was not given any narrowing construction at all – consistent or otherwise.

431.   Here, the trial court instructed the jury in a somewhat transposed version of the bare, vague, and overbroad language of the statute, see NT Vol. VIII at 26 ("the Defendant, in the commission of this offense knowingly created a grave risk of death to another person in addition to the victim of the offense"), and the Pennsylvania Supreme Court reviewed the aggravating circumstance only for the sufficiency of the evidence, without attempting or purporting to apply any narrowing construction in its appellate review. Commonwealth v. Randolph, 582 Pa. 576, 588, 873 A.2d 1277, 1284 (2005).[95]

432.   Moreover, given the lack of an appropriate jury instruction, the Pennsylvania Supreme Court could not have cured the constitutional error even if it had itself applied a limiting construction, since the Eighth Amendment requires that the discretion of the sentencer -- here the jury – be appropriately limited. Maynard;

---

[95]   The jury then wrote on its verdict slip an aggravating circumstance that was materially different from that described in the statute – that the defendant had "knowingly created a grave risk of death to another person in addition to the victim of the offense" – omitting any reference to the grave risk being created by the act of shooting at the two decedents.

Godfrey; see also Walton v. Arizona, 498 U.S. 639, 653 (1990) ("When the jury is the final sentencer, it is essential that the jurors be properly instructed regarding every facet of the sentencing process."). By failing to give any narrowing construction in the charge to the jury, the trial court left the jury with the kind of open ended discretion that is constitutionally proscribed.

433.   The (d)(7) aggravating circumstance, especially as applied in this case, is unconstitutionally vague and overbroad and petitioner's death sentence must be reversed.

**B.   Petitioner Was Denied His Right to Proof and a Jury Determination of Every Element of the "Grave Risk" Aggravating Circumstance Beyond a Reasonable Doubt.**

434.   Sustaining the constitutionality of an aggravating circumstance requires more than just providing the jury a constitutionally narrowed definition of that circumstance. The Sixth, Eighth, and Fourteenth Amendments also require that the Commonwealth prove each element beyond a reasonable doubt.   However, the aggravating circumstance that the jury in this case found (that Petitioner "knowingly created a grave risk of death to another person in addition to the victim of the offense"), omitted one of the critical elements of the aggravating circumstance – that the grave risk was created "[i]n the commission of the offense" of first-degree murder.

207

435.   Due process requires as a protection "of surpassing importance" that the State prove each and every element of the crime beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 477 (2000); Victor v. Nebraska, 511 U.S. 1, 5 (1994); In re Winship, 397 U.S. 358, 364 (1970).[96]  Where, as here, the defendant has a right to a jury trial, the Sixth Amendment also "indisputably entitle[s]" him to a jury determination of all the elements of each offense beyond a reasonable doubt. Apprendi, 530 U.S. at 476-477; United States v. Gaudin, 515 U. S. 506, 510 (1995).

436.   Aggravating circumstances are elements of the offense of capital murder. Ring v. Arizona, 536 U.S. 584, 609 (2002); Sattazahn v. Pennsylvania, 537 U.S. 101, 111 (2003).  Because Pennsylvania law afforded Petitioner the right to capital jury sentencing, and the Sixth Amendment requires it, he also had a Sixth Amendment right to a jury determination, beyond a reasonable doubt, of all elements of the prosecution's case against him in addition to the Fourteenth Amendment right to proof of each element beyond a reasonable doubt.

437.   Moreover, irrespective of the constitutional status of aggravating circumstances as elements of a distinct offense, Pennsylvania's capital sentencing

---

[96]  See also Jones v. United States, 526 U.S. 227, 232 (1999); United States v. Gaudin, 515 U. S. 506, 510 (1995); Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); Cage v. Louisiana, 489 U.S. 39 (1990); Francis v. Franklin, 471 U.S. 307, 315 (1985); Sandstrom v. Montana, 442 U.S. 510, 520-22 (1979); Mullaney v. Wilbur, 421 U.S. 684, 692-96 (1975).

statute, 42 Pa. C.S. § 9711(c)(1)(iii), places upon the Commonwealth "the burden of proving beyond a reasonable doubt *every element* of the offense and *of the aggravating circumstances required to sustain a death sentence*." Commonwealth v. Zettlemoyer, 500 Pa. 16, 66, 454 A.2d 937, 963 (1982); Commonwealth v. Chester, 557 Pa. 358, 372, 733 A.2d 1242, 1249 (1999) ("Without proof beyond a reasonable doubt that the particular case at issue falls squarely within the class of cases for which death can be imposed, the defendant cannot be subject to the penalty."); Commonwealth v. Paolello, 542 Pa. 47, 80, 665 A.2d 439, 456 (1995) ("Aggravating circumstances must be proven by the Commonwealth beyond a reasonable doubt."); see also Commonwealth v. Burgos, 530 Pa. 473, 480, 610 A.2d 11, 15 (1992) (death sentence reversed where "aggravating circumstance of killing for hire should not have been submitted to the jury because the Commonwealth failed to prove essential elements of 42 Pa. C.S. § 9711(d)(2) beyond a reasonable doubt").

438.    This statute vests in capital defendants a liberty interest in such proof at sentencing, Hicks v. Oklahoma, 447 U.S. 343, 346 (1980); Rust v. Hopkins, 984 F.2d 1486, 1493 (8th Cir. 1993) (liberty interest in findings on aggravating circumstances based upon proof beyond a reasonable doubt).[97] As an essential incident of the

---

[97] Hicks states:

Where . . . a State has provided for the imposition of criminal

absolute state right to capital *jury* sentencing, Petitioner also had a life and liberty

interest in the right to have a jury determine, beyond a reasonable doubt, his guilt of

every element of the aggravating circumstances with which he was charged.

439.   Because the aggravating circumstance the jury found was less than and

not inclusive of the elements of the full (d)(7) aggravating circumstance, the

Commonwealth was relieved of its burden of proving every element of the grave risk

aggravator beyond a reasonable doubt and Petitioner did not receive a jury

determination of every element of this aggravating circumstance beyond a reasonable

doubt.  Moreover, because of defects in the verdict slip and the polling of the jury,

there is a reasonable likelihood that the jury applied the bare instruction on grave risk

in a manner that relieved the Commonwealth's burden of proving other elements of

---

punishment in the discretion of the trial jury, it is not correct to say that
the defendant's interest in that discretion is merely a matter of state
procedural law.  The defendant in such a case has a substantial and
legitimate expectation that he will be deprived of his liberty only to the
extent determined by the jury in the exercise of its statutory discretion,
. . . and that liberty interest is one that the Fourteenth Amendment
preserves against arbitrary deprivation by the state.

447 U.S. at 346 (1980); see also Toney v. Gammon, 79 F.3d 693, 699-700 (8th Cir.
1996) (liberty interest in particular sentencing options); Walker v. Deeds, 50 F.3d
670, 673 (9th Cir. 1995) (liberty interest in particularized factfinding procedures
under habitual offender statute); Fetterly v. Paskett, 997 F.2d 1295, 1299-1300 (9th
Cir. 1993) (liberty interest in capital sentencing procedures); Dupuy v. Butler, 837
F.2d 699, 703 (5th Cir. 1988) (liberty interest in exercise of sentencing options).

this aggravating circumstance.

440.   First, the jury did not specify and the court did not inquire into *whom* the jury believed was the other person, in addition to the victim of the offense, who was knowingly placed in grave risk of death. The shootings took place in a bar with a number of patrons within. There is an acceptable construction of the facts in which the jury may have found that the perpetrator knowingly placed one or more unintended targets of the shootings at grave risk of death. But there are numerous other equally plausible alternative constructions in which the jury found that persons not covered under the (d)(7) aggravating circumstance were placed at grave risk. For example, the jury may have found with respect to the Burton shooting that Easter had been placed at grave risk of death; and for the Easter shooting, it may have found that Burton had been placed at grave risk. Both of these constructions were possible under the instructions provided by the court – which provided no guidance on who constituted a qualifying person other than the victim of the particular shot fired – and both would have been inappropriate under Pennsylvania's statute.

441.   It would not be surprising for a jury to adopt this construction of the aggravating circumstance, for judges have made the identical error in the past. Indeed, in Commonwealth v. Stokes, 532 Pa. 242, 259-60, 615 A.2d 704, 713 (1992), the Pennsylvania Supreme Court found the grave risk aggravator invalid where the

211

trial court gave this instruction:

> The aggravating circumstance No. 2 reads as follows: "In the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense."

> Reasoning this way in your deliberations in each of the criminal Informations covering the killing of each of the victims, as a matter of logic, the deaths of the other two victims would be an aggravating circumstance with respect to your deliberations with respect to each Information.

> Simply stated, in the deliberation on the criminal Information covering the killing of and the verdict of murder in the first degree on Santangelo, the killing of Figueroa and Jefferson would be aggravating circumstances with respect of Santangelo.

> With respect to the Figueroa Information, the killing of the other two victims, Santangelo and Jefferson, would be the aggravating circumstances on that criminal Information.

> That's a matter of logic, because, under the aggravating circumstances as stated in the sentencing code, it reads: "In the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense."

> I can think of, as a matter of logic and reason, no greater risk of death other than the fact that death was actually executed with respect to more than one person in any given set of circumstances involving the criminal homicide of one victim.

442. Without guidance to the contrary from the trial court, the jury in this case may have pursued the same logical path as did the trial court in Stokes, and erroneously found that the victim of one homicide was endangered by the other

212

homicide.

443. Secondly, the jury could well have believed that Alister "Capone" Campbell was the "other person" placed at grave risk based upon the prosecution evidence and argument it had heard during the guilt-phase that Petitioner had knowingly attempted to kill Campbell. However, as Stokes also makes clear, shooting Campbell as an intended victim of a *separate* offense (the attempted murder) would not qualify. On the contrary, the grave risk aggravating circumstance applies only to "situations where the defendant in the course of killing his particular victim acts in a manner which endangers the lives of others close in proximity to the intended or actual victim." Stokes, 532 Pa. at 260, 615 A.2d at 713. Attempted murder is a specific intent crime, see 18 Pa. C.S. § 901(a), and so the prosecution had argued that Petitioner knowingly put Campbell in grave risk of death. Given the court's deficient instruction, it would have been entirely reasonable – but erroneous – for the jury to construe the aggravating circumstance in this manner. But any grave risk to Campbell was not created by the shootings of Burton or Easter, as the statute requires, but as a result of the separate offense of attempted murder of which Mr. Campbell was an *intended* victim.

444. In this case, the jury found that Petitioner "knowingly created a grave risk of death to another person in addition to the victim of the offense," without

specifying who the other endangered individuals were and without indicating what act knowingly placed them in grave risk of death.  That finding was statutorily and constitutionally defective, and resulted in returning this aggravating circumstance without proof of every element beyond a reasonable doubt.

445.  Counsel could have had no reasonable basis for failing to review the verdict slip and recognize the glaring deficiency in both sentences imposed in this case.  He was ineffective for failing to raise this issue immediately and during post-trial motions.  Nor could appellate counsel have had any reasonable basis to fail to raise this issue.  Whether or not the evidence was *sufficient* for a jury to find this aggravating circumstance is utterly immaterial to the fact that *this jury did not find that aggravator*.  Counsel's ineffectiveness violated the Sixth and Fourteenth Amendments, and for these additional reasons, his death sentence must be reversed.

**C.   The Jury's Finding of the "Grave Risk" Aggravator Violated Due Process Because of the Constitutionally Unacceptable Risk that the Jury's Findings Were based Upon Improper Considerations.**

446.  When the manner in which the jury reaches its actual finding of the (d)(7) aggravating circumstance is inappropriate, the aggravating circumstance is invalid irrespective of whether the evidence is sufficient for a jury to have the aggravating circumstance and in principle would support a finding of this aggravator. Stokes, 532 Pa. at 261, 615 A.2d at 714.  Here, as set forth above, the jury's finding

214

of the (d)(7) aggravating circumstance could be supported on proper grounds or improper grounds. The evidence and argument at trial was sufficient for the jury to reach either determination, and this Court cannot be certain as to which of the two was the basis of the jury's finding. Because there is a reasonable likelihood that the jury rested its decision on the improper grounds, due process requires the aggravating circumstance to be invalidated.

447.   As the United States Supreme Court has explained:

> With respect to findings of guilt on criminal charges, the Court consistently has followed the rule that the jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court was uncertain which of the two grounds was relied upon by the jury in reaching the verdict. See, e.g., Yates v. United States, 354 U.S. 298, 312 (1957); Stromberg v. California, 283 U.S. 359, 367-368 (1931). In reviewing death sentences, the Court has demanded even greater certainty that the jury's conclusions rested on proper grounds. See, e.g., Lockett v. Ohio, 438 U.S., at 605 ("[T]he risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty . . . is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments"); Andres v. United States, 333 U.S. 740, 752 (1948) ("That reasonable men might derive a meaning from the instructions given other than the proper meaning of § 567 is probable. In death cases doubts such as those presented here should be resolved in favor of the accused"); accord, Zant v. Stephens, 462 U.S. 862, 884-885 (1983). Unless we can rule out the substantial possibility that the jury may have rested its verdict on the "improper" ground, we must remand for resentencing.

Mills v. Maryland, 486 U.S. 367, 377 (1988) (parallel citations omitted); Leary v. United States, 395 U.S. 6, 31-32 (1969) (it has "long been settled that when a case is

215

submitted to the jury on alternative theories the unconstitutionality of any of the

theories requires that the conviction be set aside" ).[98]

448.    The due process inquiry is whether there is a reasonable likelihood that

the jury applied the court's instructions in a manner that violates the Constitution.

Boyde v. California, 494 U.S. 370, 380 (1990); Smith v. Horn, 120 F.3d 400, 412 (3d

Cir. 1997).  Where – as here – "the verdict is supportable on one ground, but not on

another, and it is impossible to tell which ground the jury selected," Yates v. United

States, 354 U.S. 298, 312 (1957), the verdict must be set aside.  The inadequate and

improper grave risk instruction provided by the trial court and the defective finding

by the jury violated Mr. Randolph's rights under the Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution, and his sentence of death must be

overturned.

**CLAIM XIV.**        **MR. RANDOLPH'S DEATH SENTENCE IS ILLEGAL BECAUSE, AS
A RESULT OF TRIAL COURT ERROR, THE JURY WAS GIVEN
IMPROPER INSTRUCTIONS AS TO THE EXISTENCE OF
AGGRAVATING FACTORS IN REACHING ITS DETERMINATION IN
VIOLATION OF PENNSYLVANIA'S CAPITAL SENTENCING
STATUTE, AND THE FIFTH, EIGHTH AND FOURTEENTH
AMENDMENTS.**

449.    The matters set forth in all other sections of this *Petition* are repeated and

---

[98]    See also Sandstrom v. Montana, 442 U.S. 510, 519 (1979); Bachellar v.
Maryland, 397 U.S. 564, 570-71 (1970); United Brotherhood of Carpenters v. United
States, 330 U.S. 395, 408-09 (1947).

realleged as if set forth entirely herein.

450.   Mr. Randolph's death sentence is illegal. The trial court improperly instructed the jury on the possible aggravating circumstance under 42 Pa. C.S. § 9711(d)(10) (that the defendant has been convicted of another federal or state offense committed either before or at the time of the offense at issue for which a sentence of life imprisonment or death was imposable):

> As I've already explained to you, the law requires depending on what you find, and I will give it to you again out of an abundance of caution, that in order to find the existence, even though these are being presented to you, that doesn't mean they've been established beyond a reasonable doubt. You have reached your verdict in this case. And that standard of proof was proof beyond a reasonable doubt, as (sic) least as it relates to aggravating circumstances related to the state offense where there are multiple killings. I'll just refer to it in that way.
>
> *That you've already reached a conclusion that that has been established to you beyond a reasonable doubt.*
>
> So in this phase, that still has to be established to you beyond a reasonable doubt *as you look at the record you've already reached a decision about.* And you all unanimously have to find there's an existence of this aggravating circumstance. That's as it pertains to that particular aggravating circumstance.

NT Vol. VIII at 38.

451.   The trial court gave a similarly improper instruction with regard to the grave risk aggravating circumstance under 42 Pa.C.S. § 9711(d)(7) (in the commission of the offense the defendant knowingly created a grave risk of death to

another person in addition to the victim of the offense). In its instruction, the court

informed the jury that:

> And you made certain findings as it relates to Mr. Campbell in this
> particular case. That's what the Commonwealth has argued to you, that
> you unanimously decided beyond a reasonable doubt as it relates to the
> attempted murder of Mr. Campbell that there - - and in that circumstance
> he has to act intentionally *and you've already found that.* Knowingly is
> a lesser standard."

Id. at 39.

452. These instructions by the court constituted an improper and

unconstitutional requirement that the jury must find the existence of the aggravating

circumstance of a prior or concurrent murder under 42 Pa. C.S. § 9711 (d)(10) and

that Petitioner knowingly created a grave risk of death to Mr. Campbell.

453. In his closing argument at the penalty phase, the prosecutor also

improperly argued to the jury that the multiple murder and grave risk aggravating

factors had already been decided. See NT Vol. VIII at 31 ("[b]y your verdict in the

first part of this proceeding, in the trial, beyond a reasonable doubt and unanimously

you already decided. That is the multiple murder."); ("And in effect [with regard to

the grave risk aggravating circumstance] you kind of told us that that happened, too,

through your verdict, because you found the defendant guilty of the attempted murder

of Alister Campbell."). The trial court's failure to issue an instruction correcting this

218

improper argument by the prosecution also constituted error.

### A. The Court's Improper Instruction Relieved the Commonwealth of its Burden of Proof, in Violation of 42 Pa.C.S. § 9711, and the Fifth, Eighth and Fourteenth Amendments.

454. The Commonwealth must prove aggravating factors beyond a reasonable doubt. 42 Pa. C.S. § 9711(c)(1)(iii). This is part of the constitutionally mandated narrowing process that renders the Pennsylvania sentencing scheme constitutional. Blystone v. Pennsylvania, 494 U.S. 299, 308 (1990) (holding, *inter alia*, that Pennsylvania's statutory scheme is constitutional because it includes a rational narrowing procedure); Zant v. Stephens, 462 U.S. 862, 897 (1983) ("[S]tate's capital sentencing scheme must genuinely narrow the class of person eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder").

455. Even where the existence of an aggravating circumstance is barely contradicted by the record evidence, a trial court's instruction to the jury that an aggravating circumstance is present violates a capital defendant's constitutional rights. Commonwealth v. Stokes, 532 Pa. 242, 259-61, 615 A.2d 704, 713-14 (1992).

456. The trial court's improper instruction to the jury on the presence of the (d)(10) aggravating circumstance of a prior or concurrent murder, and the (d)(7) aggravating circumstance of grave risk prevented the jury from properly exercising

219

its fact-finding function in determining whether a particular aggravating circumstance existed.

457.   Instructing the jury that the aggravating circumstance of a prior or concurrent murder and grave risk to another had been established constituted a conclusive presumption without proof of the elements of those aggravating circumstances beyond a reasonable doubt.  Such a presumption violated due process. See e.g., Francis v. Franklin, 471 U.S. 307, 313 (1979); Carella v. California, 491 U.S. 263, 264 (1989).  As the Third Circuit has explained:

> Jury instructions, however, which tell the jury that if satisfied about the existence of a predicate fact, it may assume an essential element of the crime without being satisfied about the existence of that element beyond a reasonable doubt are another matter entirely.  In other words, if a jury is instructed that the State may satisfy its burden by something less than evidence of the offense beyond a reasonable doubt, the Due Process clause is violated.

Rock v. Zimmerman, 959 F.2d 1237, 1245 (3d Cir. 1992).

458.   In addition, by unilaterally deciding that an element was no longer at issue, the trial court "'invad[ed] the fact finding function' which in a criminal case the law assigns solely to the jury." Sandstrom v. Montana, 442 U.S. 510, 523 (1970).  See also United States v. Stansfield, 101 F.3d 909, 920 (3d Cir. 1996) (failure to instruct on an element of the offense is plain error); Singer v. Court of Common Pleas, 870 F.2d 1203, 1205-06 (3d Cir. 1984); Glenn v. Dallman, 686 F.2d 418, 422 (6th Cir.

1982) (citing United States v. Natale, 526 F.2d 1160, 1167 (2d Cir. 1975) and United States v. Fields, 466 F.2d 119, 121 (2d Cir. 1972). For this reason, the court's instruction violated Mr. Randolph's right to a jury determination of every element of these aggravating circumstances beyond a reasonable doubt. Gaudin.

459. The court's instruction, therefore, violated Mr. Randolph's rights to due process and a trial by jury.

**B.    Prior Counsel was ineffective.**

460. Counsel's failure to raise or litigate these issues at trial, during post-trial proceedings and on direct appeal violated the Sixth, Eighth, and Fourteenth Amendments. The failure to raise or litigate meritorious claims on appeal, like the one present here, also constitutes prejudicially deficient performance under federal constitutional law. E.g., Mason v. Hanks, 97 F.3d 887, 892 (7th Cir. 1996) (appellate counsel was ineffective for failing to raise claim relating to the erroneous admission of hearsay evidence); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (appellate counsel ineffective for failing to raise issue relating to state discovery rule); Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987) (appellate counsel ineffective for failing to raise claim relating to comment on defendant's post arrest silence). A defendant establishes prejudice from appellate counsel's ineffectiveness where he shows that, but for counsel's error, there was a reasonable probability that the

outcome of the appeal would have been different. <u>Mason</u>, 97 F.3d at 893; <u>Mayo</u>, 13 F.3d at 534; <u>Matire</u>, 811 F.2d at 1439.

### C.    Relief is Required.

461.    As described above,  the court's instruction failed to explain to the jury the prosecution's burden of proof and unconstitutionally relieved the prosecution of its burden of proof in violation of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights

462.    Also as described above, Petitioner has demonstrated ineffective assistance of counsel under state and federal law.

463.    The unconstitutional errors and counsel's ineffective failures to properly raise and litigate these issues on direct appeal undermined the truth-determining process so that no reliable adjudication could have taken place.  Because counsel's conduct was detrimental to Petitioner's interests and fundamental constitutional rights, counsel could not have had any reasonable strategic or tactical reason for this conduct.  Relief is required.

### CLAIM XV.    PETITIONER IS ENTITLED TO RELIEF BECAUSE OF THE CUMULATIVE PREJUDICIAL EFFECT OF THE ERRORS IN THIS CASE.

464.    The matters set forth in all other sections of this *Petition* are repeated and realleged as if set forth entirely herein.

465.    Courts have long recognized that constitutional claims of error are to be considered cumulatively as well as individually, and that cumulative error or prejudice may provide a basis for relief whether or not the effect of individual errors warrants relief.

466.    If the court finds cumulative prejudice, it eliminates the need to analyze the individual prejudicial effect of each deficiency. Moreover, if the court finds itself in equipoise as to the effect of these cumulative errors, such that it has grave doubt as to the existence of prejudice, relief must be granted.

467.    Each of the claims presented herein individually entitles Petitioner to relief from his conviction and/or sentence. However, even if this court finds that Petitioner is not entitled to relief based on any particular error, Petitioner is nevertheless entitled to relief because the cumulative effect of these errors was to deny Petitioner a fair trial and the heightened procedural safeguards constitutionally required in capital cases.

468.    The circumstances of this case demonstrate that the cumulative effect of counsel's serious failures, and the constitutional errors committed by the court and the prosecutor, so undermined the fairness of the trial and sentencing proceedings that Petitioner's conviction must be overturned, or, alternatively, that his sentence of death must be vacated. Collectively and cumulatively, Petitioner is entitled to relief.

223

## REQUEST FOR RELIEF

WHEREFORE, based upon the foregoing, all other proceedings and submissions, Petitioner, SAMUEL B. RANDOLPH, IV, respectfully requests that the Court grant him the following relief:

A)    That Petitioner be granted such discovery as is necessary for full and fair resolution of the claims contained in this Petition;

B)    That leave to amend this Petition be granted;

C)    That an evidentiary hearing be conducted on all claims involving disputed issues of fact;

D)    That Respondents be Ordered to respond to this Petition; and

E)    That Petitioner's convictions and sentences be vacated.

Respectfully submitted,

s/ ROBERT BRETT DUNHAM
ROBERT BRETT DUNHAM, ESQUIRE
Assistant Federal Defender
Pa. Bar No. 56422
Federal Community Defender for the
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
(Robert_Dunham@fd.org)

s/ ANNE L. SAUNDERS
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Pa. Bar No. 48458
Federal Public Defender
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
(717) 782-3843
(Anne_Saunders@fd.org)

Dated: February 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing *Petition for a Writ of Habeas Corpus* to be served on the following person at the location and in the manner indicated below:

<u>VIA ECF and FIRST-CLASS MAIL</u>

Francis Chardo, Esquire
Assistant District Attorney
Dauphin County District Attorney's Office
Dauphin County Courthouse
Front and Market Streets
Harrisburg, PA 17101

<u>s/ ANNE SAUNDERS</u>
Anne Saunders, Esquire

Dated: February 5, 2007