IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL RANDOLPH,** | : | |
| | : | |
| Petitioner, | : | No. 1:06-CV-0901 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **JEFFREY BEARD**, Commissioner, | : | |
| Pennsylvania Department of | : | |
| Corrections; **LOUIS B. FOLINO**, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Greene; | : | **THIS IS A CAPITAL CASE** |
| and **FRANKLIN J. TENNIS**, | : | |
| Superintendent of the State | : | |
| Correctional Institution at | : | |
| Rockview, | : | |
| | : | |
| Respondents. | | |

**MEMORANDUM**

Petitioner, Samuel Randolph, a state prisoner sentenced to death following his convictions for first-degree murder and related charges, filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel on April 28, 2006. (Doc. 1.) The court granted the motion on May 4, 2006, and petitioner was directed to file a petition for writ of habeas corpus on or before December 1, 2006. (Doc. 2.) In that order, the court also stayed any state proceedings for the execution of petitioner pending disposition of the anticipated habeas petition. (Id.) However, on June 28, 2006, the Governor of Pennsylvania signed a warrant scheduling petitioner's execution for August 17, 2006. (See Doc. 3.) As a result, the court issued an order reaffirming the stay of execution on June 29, 2006. (Doc. 4.) Before his habeas petition was due to the court, petitioner requested two extensions of time in which to file the petition, (Docs. 5 & 7), which the court granted on November 28, 2006, and January 8, 2007, respectively. (Docs. 6 & 8.) Thereafter, on February 5, 2007, petitioner timely filed his habeas petition.

(Doc. 10.)  Pending before the court is petitioner's motion to stay the federal proceedings or, in the alternative, dismiss the petition without prejudice to permit petitioner to exhaust claims in state court.  (Doc. 11.)  In his motion, petitioner contends that he has not exhausted state remedies for some of the claims raised in the habeas petition before the court.

The Third Circuit Court of Appeals has held that "district courts have the discretion to stay mixed habeas corpus petitions but that . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004).  The Court added that in such cases, "all of the petitioner's claims should be stayed, and any claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture."  Id. at 154 n.5.  When a petition for writ of habeas corpus is stayed, the court must give a petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court.  Id. at 154.  The Third Circuit's direction that a stay be entered to avoid statute of limitations issues will be followed here.

An appropriate order follows.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:        February 8, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL RANDOLPH**, | : | |
| Petitioner, | : | No. 1:06-CV-0901 |
| v. | : | (Judge Conner) |
| **JEFFREY BEARD**, Commissioner, Pennsylvania Department of Corrections; **LOUIS B. FOLINO**, Superintendent of the State Correctional Institution at Greene; and **FRANKLIN J. TENNIS**, Superintendent of the State Correctional Institution at Rockview, | : | **THIS IS A CAPITAL CASE** |
| Respondents. | : | |

## ORDER

AND NOW, this 8th day of February, 2007, it is hereby ORDERED that:

1. Petitioner's motion to stay the federal proceedings (Doc. 11) is GRANTED. Litigation in this habeas corpus proceeding is STAYED pending exhaustion of state court remedies of any unexhausted claims.

2. The stay of execution issued by the court in the order of May 4, 2006 (Doc. 2), and reaffirmed by order dated June 29, 2006 (Doc. 4), shall REMAIN IN EFFECT.

3. Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4. If petitioner is denied state post-conviction relief, either party shall notify the court within thirty (30) days from the time of final denial and request that the stay of litigation be vacated.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge