# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL RANDOLPH,** | : | CIVIL ACTION NO. 1:06-CV-0901 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JEFFREY BEARD,** Commissioner, Pennsylvania Department of Corrections; **LOUIS B. FOLINO,** Superintendent of the State Correctional Institution at Greene; and **FRANKLIN J. TENNIS,** Superintendent of the State Correctional Institution at Rockview, | : | **THIS IS A CAPITAL CASE** |
| Respondents | : | |

## <u>ORDER</u>

AND NOW, this 5th day of January, 2011, upon consideration of the motion for reconsideration (Doc. 44), filed by petitioner Samuel Randolph, wherein petitioner seeks reconsideration of the order of court (Doc. 43) dated November 3, 2010 (hereinafter "the November 3 order") on the grounds that the November 3 order should have granted petitioner's motion to reactivate federal habeas proceedings, and it further appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," <u>United States v. Jerry</u>, 487 F.2d 600, 605 (3d Cir. 1973); <u>Alea N. Am. Ins. Co. v. Salem Masonry Co.</u> 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for reconsideration as a

means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), and the court concluding that petitioner has not demonstrated that the November 3 order contains a manifest error of law or fact,[1] and that his motion for reconsideration merely seeks to relitigate a "point of disagreement between the Court and the litigant," Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence,

---

[1] Petitioner contends that the court committed a manifest error of fact and law when it failed to consider a number of special circumstances present in his case that would excuse exhaustion. Specifically, petitioner contends that the court failed to consider the following circumstances and the legal issues relating to them:

- Petitioner's innocence.
- The conditions of petitioner's confinement.
- Petitioner's medical condition and the deterioration of his health while incarcerated.
- The violations of international human rights norms prohibiting inhumane or degrading treatment or punishment to which petitioner has been subjected.
- The state's obstruction of access to counsel and a reasonable process for adjudicating petitioner's innocence.
- And the unwarranted delay in the state court proceedings before the altercation on May 18, 2009.

(Doc. 44 at ¶¶ 23, 24.) Petitioner also contends that the court committed a manifest error of fact and law when it relied in part on communication from the Honorable Todd A. Hoover of the Court of Common Pleas of Dauphin County, Pennsylvania to determine that the state court proceedings in petitioner's case remain active and therefore exhaustion should not be excused. (Id. at ¶¶ 25-37.) These arguments fail to establish manifest error. Irrespective of the communication from Judge Hoover, a plain reading of the docket in the Dauphin County court case indicates that as recently as November 2, 2010, Judge Hoover issued an order relating to access to Department of Corrections records of petitioner. See Commonwealth v. Randolph, No. CP-22-CR-0001746-2002 (Dauphin C.P.). Given the recent activity in the state court proceedings, the court finds no reason to conclude that petitioner's case, including consideration of the special circumstances, is not in fact being adjudicated in that court. Hence, the court finds no error in its conclusion that exhaustion should not be excused in this case.

2

226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), it is hereby ORDERED that the motion for reconsideration (Doc. 44) is DENIED.

                                                  <u>S/ Christopher C. Conner</u>
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge